FILED
JUL 0 9 2012

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| BROOKE LEBEAU, | ) | Civ. No. 12-5044 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| PROGRESSIVE NORTHERN | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the above-named Plaintiff, Brook Lebeau, through counsel, and for her Complaint and causes of action against the above-named Defendant, states and alleges as follows:

1.  Plaintiff, Brooke Lebeau is a resident of Eagle Butte, Dewey County, State of South Dakota, and is a resident of the Cheyenne River Indian Reservation.

2.  On September 18, 2009, Plaintiff Brooke LeBeau was stopped at a stop sign waiting to make a left turn at the intersection of North D Street and US Highway 212 in Eagle Butte, Dewey County, South Dakota. While stopped, Plaintiff Brooke Lebeau was struck from behind by an uninsured driver, Narcisse Brugier, whose foot allegedly slipped on the accelerator as he was approaching Plaintiff Brooke Lebeau's vehicle. The impact thrust Plaintiff's body forward, creating neck pain and causing injury to her back, neck, side and head.

3.  As a direct and proximate result of the above-described negligence of Narcisse Brugier, Brooke LeBeau sustained numerous severe and painful injuries to her person, both

temporary and permanent, and property damage.

4. Defendant Progressive Northern Insurance Company, a subsidiary of the parent company Progressive Insurance Company/Group, is an Ohio Corporation, licensed to sell and service insurance products in South Dakota.

5. Plaintiff had an automobile insurance policy from Defendant Progressive Northern Insurance Company which included coverage for damages resulting from auto accidents. Plaintiff is a named insured on said policy.

## Jurisdiction

6. There is diversity of citizenship among and between the parties to this civil action.

7. Jurisdiction of this civil action therefore exists pursuant to 28 U.S.C. §1332. The amount in controversy exceeds the minimum jurisdictional requirements.

## Venue

8. A substantial part of the acts or omissions giving rise to the Plaintiffs' claims occurred in Pennington, Dewey and Ziebach Counties, South Dakota.

9. Venue is therefore proper in this judicial district pursuant to 28 U.S.C. §1391.

10. By reason of the above-described negligence of the uninsured tortfeasor Narcisse Brugier in directly and proximately causing the injuries sustained by her, Plaintiff Brooke LeBeau has been required to and has incurred bills and expenses for the services of various medical providers and other expenses related to the treatment of the injuries she sustained in the subject accident. Presently the total of these expenses exceeds seven Thousand Dollars

($7,000.00). Brooke LeBeau is informed and believes that by reason of the injuries she sustained in the subject accident, she will continue to require medical treatment and services for an undetermined period of time into the future to the end that she will incur additional medical expenses in the future.

11. By reason of the uninsured motorist's (Narcisse Brugier) above-described negligence in directly and proximately causing the injuries sustained by her, Brooke LeBeau has suffered excruciating physical pain and loss of her enjoyment of life and in all reasonable probability will continue to suffer pain, anguish and loss of her enjoyment of life for the remainder of her life and she has suffered, lost wages, loss of future earning capacity and other consequential damages.

12. That this Court has both subject matter and personal jurisdiction over the parties in that Defendant sold, marketed, and transacted private insurance business in selling its Progressive Auto insurance policy and policies of insurance to Plaintiff and/or Plaintiff's significant other, James Berndt, and its acts of denial of coverage and benefits, and its unreasonable failure to disclose the same, has occurred by virtue of the Defendant's and Defendant's agents' conduct occurring within Dewey, Zeibach and Pennington County, South Dakota, in the sale, marketing, claim handling, negotiation, and alleged breaches and commission of bad faith in the handling of Plaintiff's Uninsured Motorist (UM) claim.

**COUNT ONE**
**BREACH OF CONTRACT**

Plaintiff hereby incorporates paragraphs 1-12 of this Complaint, as if fully set forth herein.

13.     Upon information and belief, Narcisse Brugier is an uninsured motorist.

14.     The Plaintiff had permission to drive James Berndt's vehicle. Berndt had the policy from Progressive Northern Insurance Company, policy #43547971-6, which provides coverage for injuries, damages and entitlement to benefits, caused by uninsured and underinsured motorists, for which James Berndt, paid valuable consideration in the form of premiums, and upon which, Plaintiff was a named insured driver.

15.     The Defendant, Progressive Northern Insurance Company initially refused to honor its contract of insurance and breached that contract, including but not limited to, failure to timely pay or acknowledge responsibility to pay for all of Plaintiff's reasonable and necessary medical care , a part of Plaintiff's past, present and future pain and suffering and loss of enjoyment of life, and other damages, which it has contracted to do in its policy, and in failing to reasonably disclose the availability of said much needed first party UM and MPC benefits.

16.     That Progressive's delay of said payment and withholding of the first party UM and MPC benefits, was unreasonable conduct and still constitutes a breach of contract.

## COUNT TWO
## BAD FAITH

Plaintiff hereby incorporates paragraphs 1-16 of this Complaint as is fully set forth herein.

17.     That Defendant Progressive Northern Insurance Company has acted in bad faith in initially, rejecting most, if not a significant part, of Plaintiff's claims and by failing to reasonably settle this claim/case within policy limits of each coverage upon Defendant's agents' learning of Plaintiff's significant accident related damages, and furthermore, by failing to promptly and fully pay the first party claim as requested by Plaintiff Brooke LeBeau , after legal liability and

4

proximate causation of said damages were reasonably clear.

18. That Defendant Progressive Northern Insurance Company has acted in bad faith in its failure to adequately inform and otherwise reasonably advise Plaintiff Brooke LeBeau of the existence of urgently needed and available contractual and supplemental insurance coverages which were available to Brooke LeBeau under the Progressive policy, to her personal and economic damage.

19. That Defendant Progressive Northern Insurance Company and its agents have acted in bad faith for failure to fully, reasonably and adequately advise the Plaintiff of the separate and distinct first party coverages under Medical Payments Coverage (MPC) and Uninsured Motorist (UM) coverage, and that said first party coverages/benefits which were available, to the damage of Plaintiff in causing her rights and remedies to be jeopardized and damaged under contract.

20. That Defendant Progressive Northern Insurance Company has acted in bad faith in its failure to reasonably and promptly provide payment of an undisputed amount of first party Uninsured Motorist (UM) insurance benefits to Plaintiff for Plaintiff's bodily injuries, but instead of doing so Progressive unreasonably withheld said benefits, when it was obvious and undeniable that Plaintiff had suffered bodily injury as a result of the accident, at least to a reasonably significant degree.

21. That Defendant Progressive Northern Insurance Company has acted in bad faith in its failure to conduct on an onsite scene investigation of the accident.

22. That the Defendant Progressive Northern Insurance Company has acted in bad faith in its failure to fully and adequately and reasonably disclose to Progressive's insured, as to

all potentially applicable and available first party coverages following the MVA.

23. That Defendant Progressive Northern Insurance Company has acted in bad faith in its failure by Progressive to seek, request, or recommend any type of independent medical examination of Brooke LeBeau's health condition and/or her bodily injuries, despite telling her that her injuries were from a preexisting condition.

24. That Defendant Progressive Northern Insurance Company has acted in bad faith in its failure to pay any UM bodily injury benefits to Brooke LeBeau once Progressive was informed of her accident-related injuries and damages, of which the medical expenses exceeded $5,000.00, when the UM per person/per accident policy limits were only $25,000.00.

25. That Defendant Progressive Northern Insurance Company has acted in bad faith by attempting, before suit was filed, to force Brooke LeBeau to settle for an amount grossly inadequate in relation to her damages.

26. That Defendant Progressive Northern Insurance Company has acted in bad faith in Progressive's alleged unlawful uses of computer software claims adjusting programs to adjust her first party UM and/or MPC claims.

27. That Defendant Progressive Northern Insurance Company has acted in bad faith in Progressive's alleged use of employee incentive compensation programs in conjunction with adjusting first party claims such as Brooke LeBeau's here.

## COUNT THREE
## PUNITIVE DAMAGES

Plaintiff hereby incorporates paragraphs 1-27 of this Complaint as if sully set forth herein.

28. In doing all the things herein alleged, Defendant acted intentionally, recklessly, vexatiously, oppressively and/or maliciously and was guilty of a wanton and reckless disregard of the contractual and statutory and/or common law rights of the Plaintiff.

29. Plaintiff is entitled to punitive damages as the only way of deterring Progressive Northern Insurance Company from continuing to employ these wrongful, unreasonable and vexatious tactics against their own policyholders.

30. That by reason of the foregoing, the Defendant is liable to the Plaintiff for an amount to be determined by a jury and, in addition thereto, for the Plaintiff's attorney fees, costs and expenses of this action because of vexatious and unreasonable refusal to pay reasonable damages to its insured; and for punitive and exemplary damages in the sum to be set by a jury herein, after giving due consideration to the net worth and earnings of the Defendant.

WHEREFORE, Plaintiff prays for judgment against the Defendant as follows:

1. For the actual expenses incurred in the treatment of the injuries sustained by Brooke LeBeau in the subject accident and for the actual expenses incurred incidental to the said injuries, past, present and future, and to the procuring of said treatment to the date of trial, together with interest thereon;

2. For such monetary compensation as shall fully compensate for the pain, anguish, and loss of enjoyment of life, loss of past wages, loss of earning capacity, frustration, anxiety, mental suffering, loss of peace of mind, credit damage, embarrassment, and worry sustained by Brooke LeBeau to the date of trial and which is likely to continue into the future, in a sum to be determined by the jury in this case;

3. For an additional sum as and for punitive or exemplary damages in an amount to

be set by the jury herein, based upon the Defendant's net worth and earnings;

    4.    For Plaintiff's attorney fees, costs, and expenses of these proceedings because of Defendant's vexatious and unreasonable refusal to pay;

    5.    For prejudgment interest on any award to which Plaintiff is held entitled by the jury; and

    6.    For such other and further relief as the Court deems just and equitable.

Dated this 6th day of July, 2012.

ABOUREZK & ZEPHIER P.C.
Attorney for Plaintiff
Post Office Box 9460
2020 West Omaha
Rapid City, South Dakota 57709
(605) 342-0097

By: _____
    Robin L. Zephier

**TRIAL BY JURY IS HEREBY DEMANDED**