UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| BROOKE LEBEAU, | ) | CIV. 12-50044-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | AMENDED |
| vs. | ) | ORDER GRANTING EXTENSION |
| | ) | |
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pending before the court is plaintiff Brooke LeBeau's motion to extend the scheduling deadlines in this case. See Docket No. 14. Defendant Progressive Northern Insurance Company objects. See Docket No. 15. A hearing was held on plaintiff's motion on today's date. Mr. Robin Zephier was present in court on behalf of Ms. LeBeau and Mark Arndt appeared by videoconference on behalf of defendant.

Rule 16 of the Federal Rules of Civil Procedure governs this dispute. Rule 16 requires the district court to issue an order setting deadlines for various stages of the litigation. See Fed. R. Civ. P. 16(b)(1) (requiring that the court set deadlines for joining parties, amending pleadings, and filing motions, and allowing the district court to set additional deadlines). A court may modify the schedule upon a showing of good cause. Fed. R. Civ. P. 16(b)(4).

Rule 6 of the Federal Rules of Civil Procedure controls the granting of an extension of time. That rule provides in pertinent part as follows:

>   (b) Extending Time.
>   (1) *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>       (A) with or without motion or notice if the court acts, or if a request is made, *before* the original time or its extension expires; or
>       (B) on motion made *after* the time has expired if the party failed to act because of excusable neglect.

See Fed. R. Civ. P. 6(b)(1) (emphasis added). Both Rule 6 and Rule 16 must be interpreted in a manner so as to achieve the "just, speedy, and inexpensive determination of every action." See Fed. R. Civ. P. 1.

Here, the pleadings as well as the facts adduced at the hearing reveal that plaintiff's attorney has not been diligent in prosecuting this matter. He received a letter in November, 2012, from defendant indicating that a CD containing documents defendant was providing in discovery was accompanying the letter. The CD was apparently omitted from the letter, but plaintiff's counsel never notified defendant of this until now.

Also, plaintiff served defendant with written discovery requests in April, 2013, and defendant served written responses to that discovery in May, June, and July of 2013. Although plaintiff alleges that defendant's written responses are not satisfactory, two and a half months have elapsed since plaintiff received the last of those discovery responses and no motion to compel was ever filed.

Finally, plaintiff's counsel mistakenly believed that the deadline for plaintiff to designate experts was September 13, 2013, instead of the date that had been established by the district court, which was September 3. Nevertheless, plaintiff failed to file her motion to extend prior to the expiration of

the deadline plaintiff thought was applicable. Plaintiff's motion was filed September 25, 2013, 12 days after the date she mistakenly believed to be the deadline.

In response to all of this, plaintiff's counsel explained that he has taken approximately 40 depositions and participated in 6 mediations in the last four months and simply lost track of the deadlines in this case.

Defendant's counsel, for his part, stated that he was not unsympathetic to plaintiff's counsel's busy schedule or to the fact that calendaring mistakes are sometimes made. Defendant opposed the extension simply because there was no excuse or reason given by plaintiff and no assurances as to future diligence. Defendant represented to the court that no prejudice would inure to his client if the extension was granted and that he believed the deadlines proposed by plaintiff would be workable. Furthermore, the court notes that a trial date in this case has not yet been set.

The court grants plaintiff's motion, with the admonition that plaintiff is required to immediately begin prosecuting her case. No further motions to extend are expected. If any such motions are made, the motion must be filed *before* the expiration of the applicable deadline, and there must be established uncontrovertable good cause for the extension. Accordingly, based on the foregoing, it is hereby

ORDERED that the court's prior scheduling order [Docket No. 13] is amended as follows:

1. All discovery, including expert discovery, shall be commenced in time to be completed by **May 1, 2014**;

2. The identity of and reports from retained experts under Rule 26(a)(2) shall be due from plaintiff by **November 30, 2013**, and from defendant by **January 31, 2014**;

3. All motions, other than motions *in limine*, together with supporting briefs, shall be filed and served on or before **June 30, 2014**; and

4. Designations, disclosures, and reports under Rule 26(a)(2) are **not** filed with the Clerk.

IT IS FURTHER ORDERED that all other provisions of the district court's original scheduling order [Docket No. 11] remain in effect unless specifically changed.

Dated October 21, 2013.

BY THE COURT:

/s/ *Veronica L. Duffy*
VERONICA L. DUFFY
UNITED STATES MAGISTRATE JUDGE